UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RACHEL L. KUNTZ, et al.,                    )
                                            )
            Plaintiffs,                     )
                                            )
v.                                          )            2:24-CV-105
                                            )
JONATHAN FELLERS, et al.,                   )
                                            )
            Defendants.                     )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs Rachel L. Kuntz and R.D.B. filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

As an initial matter, the Court notes that Plaintiff Kuntz's minor child is listed as a plaintiff in this case, but a minor child cannot sue in his or her own name, and parents are not permitted to appear pro se on behalf of their minor children. Fed. R. Civ. P. 17(c); *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002). As such, the Court **RECOMMENDS** that R.D.B. be removed as a plaintiff in this action. Given this recommendation, the Court will address the motion to proceed *in forma pauperis* and then undertake the screening analysis of the Complaint as it relates to Rachel Kuntz (hereinafter referred to as "Plaintiff") only.

## I.    *IN FORMA PAUPERIS* APPLICATION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action without paying the administrative costs applicable to the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and her economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law. The Court will now undertake that screening process as to Plaintiff's Complaint.

## II.     FACTUAL ALLEGATIONS

In the instant action, Plaintiff alleges that Defendants Agent Jonathan Fellers, Michael Fellers, Jessica Culp, and Amber Edwards have ignored, and violated, her civil rights. [Doc. 2, p. 1]. More specifically, she alleges that Agent Fellers is "in charge of the agents committing home

invasion." *Id.* at 2. She further states that products, food, and beverages "are being contaminated, medicated, and used to commit aggravated assault." *Id.* Additionally, Plaintiff alleges that she and her children have been harassed and controlled by "RAAT implants." *Id.* She also asserts that her blood and urine have been confiscated since 2019 and that she and her children have not received medical attention. *Id.* Regarding Defendant Culp, Plaintiff asserts that she has "victimized" Plaintiff and her son, and Plaintiff refers to both Defendant Culp and Defendant Edwards as a "CI" but provides no further information about them. *Id.* at 2-3. Plaintiff does not reference Defendant Michael Fellers. As relief for these alleged violations, Plaintiff requests payment for medical and dental bills, asks that "all transmitters, equipment and agents" be removed from her home and property, and requests that Defendants Culp and Edwards to be prosecuted. *Id.* at 3.

## III.    LEGAL ANALYSIS

In undertaking the present review, the Court liberally construes Plaintiff's claims because she is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Sixth Circuit has explained that "[t]he former [deficiency] occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Id.* In reliance on this authority, courts in this District have dismissed claims that are based on such "fantastical or delusional" allegations.[1] Here, in asserting that she has been controlled by an implant and that the food or her and her children has been contaminated, Plaintiff is relying upon

---

[1] *See e.g. Dodson v. Haley*, No. 3:16-CV-354-PLR-CCS, 2016 WL 3625677, at *3 (E.D. Tenn. June 29, 2016), *aff'd*, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017)(dismissing a claim of implantation of a thought processing device); and *see Modrall v. United States Dep't of Educ.*, No. 1:19-CV-00250, 2020 WL 4746464, at *2 (E.D. Tenn. May 6, 2020), *report and recommendation adopted sub nom. Modrall v. U.S. Dep't of Educ.*, No. 1:19-CV-250, 2020 WL 2732399 (E.D. Tenn. May 26, 2020) (dismissing claim alleging unspecified "atrocities" and "torture" at the hands of foreign and domestic governments and politicians).

these types of allegations. Additionally, Plaintiff's stated grounds for her lawsuit are simply conclusory allegations for which she provides no factual support. As such, Plaintiff's claims are without the necessary legal merit which would permit the Court to further consider them. Accordingly, the Court has no choice but to recommend that Plaintiff's claims be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that R.D.B. be removed as a party to this action. The undersigned further **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED with prejudice** because no amendment Plaintiff could offer to the Complaint would be sufficient to set forth a claim upon which relief could be granted given the facts alleged. Lastly, the Court **RECOMMENDS** that the District Court consider making a finding that any appeal from the order of dismissal would be frivolous and advise Plaintiff in doing so that she may be referred to the Chief Judge of this District for a vexatious litigant assessment if she continues filing lawsuits containing these types of claims.[2]

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis.*[3]

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff has filed three previous complaints which have all been dismissed. Case Nos. 2:24-cv-9, 2:22-cv-34, 2:21-cv-117. While all three complaints are slightly different from one another, they all include similar "fantastical or delusional" allegations.

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).